NELSON MULLINS RILEY & SCARBOROUGH LLP
PHILIP R. COSGROVE, State Bar No. 92564
*phil.cosgrove@nelsonmullins.com*
RYAN E. COSGROVE, State Bar No. 277907
*ryan.cosgrove@nelsonmullins.com*
19191 South Vermont Avenue, Suite 900
Torrance, CA  90502
Telephone: 424.221.7400
Facsimile: 424.221.7499

Attorneys for Defendant,
Daimler Truck North America LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TODD SNELSON, <br><br> Plaintiff, <br><br> v. <br><br> DAIMLER TRUCKS NORTH AMERICA, LLC, *formerly* FREIGHTLINER CORPORATION; PENSKE TRUCK LEASING, CO., L.P.; PENSKE CORPORATION; PENSKE AUTOMOTIVE GROUP, INC.; and DOES 1 THRU 200, <br><br> Defendants. | Case No. **'22CV0551 BAS WVG** <br><br> **DEFENDANT DAIMLER TRUCK NORTH AMERICA LLC'S NOTICE OF REMOVAL** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Action Filed:      December 21, 2021 |

TO THE CLERK OF THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Daimler Truck North America LLC ("DTNA") hereby removes the action entitled *Snelson v. Daimler Trucks North America LLC, et al.*, San Diego Superior Court Case Number 37-2021-00053338-CU-PL-CTL, to this Court.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, *et. seq.*, because this is a civil action between citizens of different countries and/or states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

-1-                                                                                     Case No.

## I.      BACKGROUND

1.      On or about December 21, 2021, this action was commenced in the Superior Court of the State of California, County of San Diego, entitled *Snelson v. Daimler Trucks North America LLC, et al.*, San Diego Superior Court Case Number 37-2021-00053338-CU-PL-CTL.

2.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders entered in the Superior Court action, which have been made available to DTNA, are attached to this notice**.**

3.      DTNA was served with copy of the Complaint on or about April 1, 2022. A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

4.      DTNA is informed an believes after reviewing the Register of Actions of the San Diego Superior Court that no other named defendants have been served

5.      This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b), as it has been filed within thirty (30) days after DTNA was served with the Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day time period for removal runs from the date of formal service).

6.      Venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because San Diego County is located within the Southern District of California. Accordingly, the District Court for the Southern District of California is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

7.      Promptly following the filing of this Notice of Removal, written notice of the removal shall be served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

8.      A true and correct copy of this Notice of Removal shall be promptly filed with the San Diego Superior Court pursuant to 28 U.S.C. § 1446(d).

9.      No previous application has been made for the relief requested herein.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)

### A. Complete Diversity Of Citizenship Exists Between The Parties

10. DTNA is informed and believes that plaintiff is now, and was at the time of filing of the Complaint, and at all intervening times, a citizen of and resident of California. (Complaint, ¶ 1.)

11. DTNA is now, and was at the time of the filing of the Complaint, and at all intervening times, a limited liability company organized under the laws of Delaware with its principal place of business in the State of Oregon. DTNA has one sole member, Daimler Truck & Buses US Holding, LLC, which is a Delaware limited liability company with its headquarters located in Oregon. Daimler Truck & Buses US Holding, LLC, is a wholly-owned subsidiary of Daimler Truck AG, which is a corporation organized and existing under the laws of the Federal Republic of Germany, with its principal place of business located in the Federal Republic of Germany.

12. Plaintiff's Complaint alleges Penske Truck Leasing, Co., L.P. is a Delaware limited partnership with its principal place of business in Reading, Pennsylvania. (Complaint, ¶ 3.)

13. Plaintiff's Complaint alleges Penske Corporation is a Delaware corporation with its principal place of business in Bloomfield Hills, Michigan. (Complaint, ¶ 4.)

14. Plaintiff's Complaint alleges Penske Automotive Group, Inc. is a Delaware corporation with its principal place of business in Bloomfield Hills, Michigan. (Complaint, ¶ 5.)

15. The citizenship of the Doe defendants is disregarded for purposes of determining diversity jurisdiction, as these are fictitious defendants. 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.")

## B.    <u>The Amount In Controversy Requirement Is Satisfied</u>

16.    Plaintiff alleges that he was seriously injured  and suffered catastrophic spinal cord and other significant injuries and  damages as a result of an accident in which he was the driver of a 2014 Freightliner Cascadia C125 that occurred on December 27, 2019. (Complaint, ¶¶  9, 13, 20.)  The total amount of Plaintiff's damages are presently unknown but it is reasonably believed to be in excess of the minimum jurisdictional limit of this Court as Plaintiff is seeking damages for personal injuries, including "catastrophic spinal cord and other significant injuries,"  which are alleged to include past and future medical and attendant care, past and future loss of earnings and psychological and emotional injuries.(Complaint, ¶¶ 24, 33; *see also* Prayer for Damages.)  Specifically, Plaintiffs seek compensatory, general, and special damages for their alleged injuries. (Complaint, Prayer for Damages at ¶¶ I-VI.)

17.    It is apparent from a review of the Complaint that Plaintiff seeks an amount in controversy in excess of $75,000, exclusive of costs and interest.  A removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  When the amount in controversy is not clearly specified in the complaint, the court may consider facts in the complaint as well as in the removal petition. *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002)*; Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)*; accord Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (stating that the Court "found no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy.").

18.    Although DTNA denies any liability to Plaintiff, his allegations of catastrophic injury and damages plainly place more than $75,000 in controversy. Therefore, analyzing the Complaint in a light most favorable to Plaintiff, while not

-4-

Case No.

NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL

admitting liability for any amount, the amount of damages alleged to be in controversy for Plaintiff exceed $75,000, exclusive of interest and costs. *See Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107-08 (9th Cir. 2010) ("even though the state court complaint does not specify an amount" it satisfied amount in controversy requirement by requesting damages for, among other things, wrongful death, loss of consortium, negligence and funeral, medical and burial expenses); *Campbell v. Bridgestone/Firestone, Inc.*, 2006 WL 707291, at \*2 (E.D. Cal. Mar. 17, 2006) (apparent from the complaint that amount in controversy met where plaintiffs asserted strict products liability and negligence claims against multiple defendants and complaint sought compensatory damages for wage loss, hospital and medical expenses, general damages, and loss of earning capacity); *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272, 296 (S.D.N.Y. 2001) (holding that a "complaint obviously asserts a claim exceeding $75,000" where plaintiffs alleged serious medical complications from ingestion of a prescription drug); *Bailey v. J.B. Hunt Transp., Inc.*, No. 06-240, 2997 WL 764286, at \*6 (E.D. Pa. Mar. 8, 2007) (finding amount in controversy requirement satisfied where complaint alleged a "litany of serious, permanent injuries," "surgeries and treatments" and "the alleged permanent impairment of [the] ability to enjoy life's activities"); *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1037-38 (E.D. Mo. 2002) (despite plaintiffs' assertion that their total damages did not exceed $75,000, the court held that it was "facially apparent" that the amount in controversy was met where plaintiffs alleged that they "suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; [and] have permanent, progressive, and disabling injuries").

19. Additionally, based on these allegations and counsel's familiarity and experience in litigating automotive product liability cases involving catastrophic

NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL

injuries and claims for attendant care in life care plans that routinely are in the seven figure range, the amount in controversy in this alleged automotive product liability action exceeds $75,000, exclusive of interest and costs.

WHEREFORE, DTNA hereby removes the action now pending in the Superior Court of the State of California, County of San Diego, Case No. 37-2021-00053338-CU-PL-CTL, to this Honorable Court and demands a jury trial.

DATED:  April 21, 2022                    NELSON MULLINS RILEY & SCARBOROUGH LLP


By:  ___/s/ *Philip R. Cosgrove*___
PHILIP R. COSGROVE
RYAN E. COSGROVE
Attorneys for Defendant
Daimler Truck North America LLC

## <u>CERTIFICATE OF SERVICE</u>

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 19191 South Vermont Avenue, Suite 900, Torrance, CA 90502.  On the date set forth below, I served the within document:

**DEFENDANT DAIMLER TRUCK NORTH AMERICA LLC'S NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL**

⊠    ELECTRONIC - by transmitting via email the document(s) listed above to the email address(es) set forth on the attached service list on this date before 5:00 p.m.

⊠    MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail addressed as set forth below.

☐    OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UPS.

Steven E. Weinberger, Esq.                    Attorneys for Plaintiff
Michael E. Medina, Jr., Esq.
Davis Miles McGuire Gardner
40 East Rio Salado Parkway, Suite 425
Tempe, AZ 85281
Phone:  480.733.6800
Fax:  480.733.3748
Email: sweinberger@davismiles.com
       mmedina@davismiles.com

Michael Roofian, Esq.                        Attorneys for Plaintiff
Michael Roofian & Associates, APC
11766 Wilshire Boulevard, 6th Floor
Los Angeles, CA 90025
Phone: 310.445.3311
Fax: 310.473.2525
Emails: michael@roofianlaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.  Executed on April 21, 2022, at Torrance, California.

*Maria Domingo*
_____
Maria Domingo