UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TODD SNELSON, <br><br> Plaintiff, <br><br> v. <br><br> DAIMLER TRUCKS NORTH AMERICA LLC, formerly FREIGHTLINER CORPORATION; PENSKE TRUCK LEASING, CO. L.P.; PENSKE CORPORATION; PENSKE AUTOMOTIVE GROUP, INC., <br><br> Defendants. | Case No.: 22-cv-551-BAS-DDL <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW ADMISSIONS** <br><br> **[Dkt. No. 40]** |

**I.**

**INTRODUCTION**

Plaintiff Brian Todd Snelson ("Plaintiff") moves for relief from his failure to timely respond to requests for admission ("RFAs") served by Defendant Daimler Trucks North America LLC ("Defendant"). The Court concludes that the relevant factors under Rule 36(b) counsel in favor of allowing Plaintiff to withdraw his admissions and GRANTS the motion.

/ / /

/ / /

## II.

## **PROCEDURAL HISTORY**

On February 21, 2023, Defendant served its first set of RFAs on Plaintiff. Plaintiff did not timely respond to the RFAs by the due date of March 23, 2023. According to Plaintiff's counsel, he missed the email from Defendant's counsel attaching the RFAs and did not calendar the response date.

On April 5, 2023, Plaintiff's counsel became aware of the RFAs and asked Defendant's counsel for an extension of time to respond. Plaintiff served responses to the RFAs that same day.

On April 6, 2023, Defendant's counsel responded to Plaintiff's counsel:

> I do not have authority to grant "extensions to respond" to discovery after the time to respond has expired. At that point, it is a matter of granting relief from default that is DTNA's decision to make, not a matter of an attorney courtesy in granting an extension.
>
> I must discuss this with the Legal Staff attorney assigned to this matter who is traveling today and will be difficult to reach.

Dkt. No. 40-1 at 23-24. The record does not indicate whether Defendant's counsel followed up with Plaintiff's counsel.

On April 10, 2023, Defendant filed a motion for summary judgment. Defendant contends that there are no material issues of fact because Defendant's RFAs were deemed admitted due to Plaintiff's failure to timely respond, and "Plaintiff's admissions negate the existence of a defect as to both of his product liability claims against [Defendant]." Dkt. No. 35-1 at 7.

On April 11, 2023, Plaintiff's counsel requested a discovery conference. The Court held a discovery conference on the record on April 12, 2023, and set a briefing schedule. Dkt. No. 38. The Court held a motion hearing on April 27, 2023.

/ / /

/ / /

# III.
# ANALYSIS

"When a party fails to timely respond to requests for admission, those requests are automatically deemed admitted." *Douglas v. Banks*, No. C 09-3191 LHK PR, 2011 WL 577419, at *1 (N.D. Cal. Feb. 7, 2011). Under Rule 36(b), "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The court "may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining and defending the action." *Id.* Here, there is no dispute that Plaintiff failed to timely respond to the RFAs, and the issue is whether the court should exercise its discretion to allow withdrawal and amendment of the deemed admissions.

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (citation omitted). In *Conlon*, the Ninth Circuit found this requirement satisfied where the plaintiff failed to timely respond to requests for admissions, and the defendant sought summary judgment based on the plaintiff's deemed admissions. *Id.* The same is true here, where Defendant's motion for summary judgment is based entirely on Plaintiff's deemed admissions that concede Defendant is not liable on Plaintiff's claims. *See* Dkt. No. 35. As such, the Court finds that withdrawal of the admissions would "promote the presentation of the merits of the action." Fed. R. Civ. P. 36(b).

The second part of the Rule 36(b) analysis is whether withdrawal of the admissions "would prejudice the requesting party in maintaining and defending the action." *Id*. "The party relying on the deemed admission has the burden of proving prejudice." *Conlon*, 474 F.3d at 622. The Ninth Circuit has explained that:

> The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the

> factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.

*Id.* (citation omitted). "[R]eliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice." *Id.* at 624; *accord Raiser v. Utah County*, 409 F.3d 1243, 1247 (10th Cir. 2005) (no prejudice where party who propounded requests for admission relied on deemed admission for a two-week period in preparing a motion for summary judgment). Rather, "[w]hen undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial." *Conlon*, 474 F.3d at 623.

*Conlon* is instructive. There, the plaintiff failed to timely respond to requests for admission notwithstanding two notices from defense counsel that the deadline for responses had passed. *Id.* at 619-20. The defendant relied on the deemed admissions to file a motion for summary judgment three days before the deadline for filing dispositive motions. *Id.* at 620. The district court denied the plaintiff's motion for relief under Rule 36(b) and thereafter granted the defendant's motion for summary judgment based on the plaintiff's admissions. *Id.* at 620-21.

The Ninth Circuit affirmed the denial of relief under Rule 36(b), noting that the defendant had "relied on the admissions for a total of two and a half months, through the discovery and dispositive motion cut-off dates, with no indication that [the plaintiff] intended to file a motion to withdraw his admissions." *Id.* at 624. Because trial was "imminent," the defendant "conducted none of the discovery it otherwise needed to prove its case at trial." *Id.* "Although the issue is close, we conclude that the district court did not clearly err in finding that withdrawal of the deemed admissions at such a late stage in the case would prejudice the [defendant]." *Id.*; *cf. Santana Row Hotel Partners, L.P. v. Zurich Am. Ins. Co.*, No. C05-00198 JWHRL, 2007 WL 1140464, at *5 (N.D. Cal. Apr. 17, 2007) (granting motion to withdraw admissions where defendants did not respond to RFAs for over one year but trial was not imminent).

The facts of this case are distinguishable from *Conlon*. Plaintiff's responses to the RFAs were due on March 23, 2023. When Plaintiff's counsel learned they had failed to timely respond to the RFAs on April 5, 2023, twelve days after they were due and well before the September 2023 deadline to file dispositive motions, Plaintiff's counsel immediately notified Defendant's counsel and submitted the responses that same day. Defendant responded by filing a motion for summary judgment five days later. Furthermore, the trial in this matter is not set to commence until October 15, 2024—a year and a half after the time this dispute arose.

Defendant's reliance on plaintiff's deemed admissions to file the motion for summary judgment cannot constitute prejudice. *Conlon*, 474 F.3d at 624. At the motion hearing, Defense counsel stated that he relied on Plaintiff's deemed admissions by not noticing between one and four depositions prior to the discovery cutoff on April 13, 2023. The Court accepts this representation, but "a lack of discovery" does not constitute prejudice under Rule 36(b) where the Court can extend the discovery cutoff to allow Defendant to take those depositions. *Conlon*, 474 F.3d at 624 ("The district court could have reopened the discovery period, and prejudice must relate to the difficulty a party may face in proving its case at trial.") (citation omitted). This is particularly true where, as here, the trial is not "imminent." On these facts, Defendant has not shown that withdrawal of the deemed admissions would prejudice it "in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b); *cf. 999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985) (district court properly denied motion to withdraw made during middle of trial after plaintiff had relied heavily on defendant's admissions).

Although both Rule 36(b) factors favor allowing Plaintiff to withdraw his deemed admissions, relief remains discretionary. "[W]hen a district court finds that the merits of the action will be subserved and the nonmoving party will not be prejudiced, it 'may' allow withdrawal, but is not required to do so under the text of Rule 36(b)." *Conlon*, 474 F.3d at 625. Defendant's opposition to the motion to withdraw points out that Plaintiff failed to timely provide initial disclosures under Rule 26 and did not timely respond to other

discovery requests. The Court will take these facts into account in assessing whether to amend the current pretrial schedule, but the Court concludes that Plaintiff's failures to timely provide other discovery do not warrant denial of the motion to withdraw.

Finally, the Court raised the issue of sanctions at the motion hearing, including whether to apportion costs of any future depositions. Having considered this issue further, the Court declines to impose sanctions given the relatively short twelve-day delay in Plaintiff's service of responses to the RFAs. *See Duarte Nursery, Inc. v. United States Army Corps of Engineers*, No. 2:13-CV-02095-KJM-AC, 2015 WL 7188227, at *5 (E.D. Cal. Nov. 16, 2015) (granting motion to withdraw admissions and declining to impose sanctions, noting that "[t]his is not a case in which the government delayed service of a response for an extended period of time, requiring plaintiffs to spend significant sums and lose valuable time.").

## IV.

## CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. The Court GRANTS Plaintiff's motion to withdraw his deemed admissions and serve amended responses. The parties shall proceed on the RFA responses served by Plaintiff on April 5, 2023.

2. Plaintiff and Defendant shall meet and confer regarding any asserted deficiencies in Plaintiff's RFA responses. If the parties are unable to resolve issues through the meet and confer process, Defendant shall notify the Court on or before **May 8, 2023**, of the need for a discovery conference in compliance with the Court's Chambers Rules.

**IT IS SO ORDERED.**

Dated: May 1, 2023

_____
Honorable David. D. Leshner
United State Magistrate Judge