UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TODD SNELSON ,<br><br>Plaintiff,<br><br>v.<br><br>DAIMLER TRUCKS NORTH AMERICA LLC, formerly FREIGHTLINER CORPORATION; PENSKE TRUCK LEASING, CO. L.P.; PENSKE CORPORATION; PENSKE AUTOMOTIVE GROUP, INC.,<br><br>Defendants. | Case No.: 22-cv-551-BAS-DDL<br><br>**ORDER GRANTING MOTIONS TO EXTEND FACT DISCOVERY AND EXPERT DISCOVERY DEADLINES**<br><br>**[Dkt. Nos. 56, 57]** |

On May 10, 2023, pursuant to this Court's minute order [Dkt. No. 55], the parties filed a joint motion to extend the expert discovery deadlines ("Expert Discovery Motion"). Dkt. No. 56. The Expert Discovery Motion is not opposed by any party. On May 15, 2023, the parties filed a second joint motion to extend the fact discovery deadline for the limited purpose of completing depositions ("Fact Discovery Motion"). Dkt. No. 57. Plaintiff Brian Todd Snelson ("Plaintiff"), Defendant Penske Truck Leasing Co., L.P. ("Penske"), and Plaintiff-In-Intervention Security National Insurance Company ("SNIC") stipulate to the continuance requested in the Fact Discovery Motion. Defendant Daimler Trucks North America, LLC ("Daimler") opposes the Fact Discovery Motion on the grounds that

Plaintiff has not demonstrated good cause for a continuance and failed to exercise reasonable diligence in pursuing discovery, which includes taking the Rule 30(b)(6) depositions of several out-of-state witnesses. Moreover, Daimler asserts that it would be prejudiced by an extension of the fact discovery deadline because its counsel and corporate representatives have scheduling conflicts during the proposed deposition timeline.

Federal Rule of Civil Procedure 16(b)(4) provides that a pretrial scheduling order "may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end."

On October 13, 2022, the Court issued the operative Scheduling Order that required the parties to complete all fact discovery by April 13, 2023. Dkt. No. 14 at 3. Thereafter, the Court held status conferences with the parties on December 7, 2022 and March 8, 2023. Dkt. Nos. 18, 31. At the March 8 status conference, the parties raised the issue of extending the fact discovery deadline to take depositions under Rule 30(b)(6), but Plaintiff did not file any such motion prior to April 13, 2023.

Plaintiff asserts that he was diligent in seeking discovery because his counsel raised the issue of scheduling depositions under Rule 30(b)(6) with defense counsel in March 2023 and was told that Daimler's Rule 30(b)(6) designee was unavailable until August 2023. Dkt. No. 57 at 6-7. Plaintiff further asserts that he "intentionally waited to formally notice the Rule (30)(b)(6) depositions to allow the Defendants to provide dates that would work for their witness(es)." *Id.* at 7. However, Plaintiff offers no reason why he did not seek an extension of the fact discovery deadline to take the Rule 30(b)(6) depositions or why he did not issue subpoenas for the depositions of third-party witnesses Joe Bruni and Jeremy Russell prior to April 13, 2023.

The Court concludes that Plaintiff's counsel did not take reasonable steps to complete fact discovery by the deadline of April 13, 2023. However, declining to extend the fact discovery deadline would adversely affect Plaintiff's ability to prosecute this case,

and the Court is "reluctant to punish" Mr. Snelson for his counsel's failure to take the depositions in a timely manner. *Rahbarian v. Cawley*, No. 2:10-CV-00767-TLN, 2013 WL 6271865, at *8 (E.D. Cal. Dec. 4, 2013) (allowing plaintiff additional time to examine documents because "the Court is reluctant to punish Plaintiffs themselves for the indolence of their attorney.").

The Court GRANTS the motion to extend the deadline for fact discovery as follows:

| EVENT | PRIOR DEADLINE | NEW DEADLINE |
|---|---|---|
| Supplemental Expert Designations | May 11, 2023 | June 12, 2023 |
| Expert Disclosures | June 8, 2023 | July 10, 2023 |
| Rebuttal Expert Disclosures | June 22, 2023 | July 24, 2023 |
| Fact Discovery Cutoff | April 13, 2023 | June 30, 2023 |
| Expert Discovery Cutoff | July 20, 2023 | August 21, 2023 |
| Pretrial Motions Filing Deadline | September 7, 2023 | NO CHANGE |
| Mandatory Settlement Conference | August 8, 2023 at 1:30 p.m. | NO CHANGE |
| Deadline to Submit Mandatory Settlement Conference Briefs | The parties shall refer to the undersigned's Mandatory Settlement Conference Procedures. | |
| Pretrial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(3) | December 11, 2023 | NO CHANGE |
| Meeting of Counsel | December 18, 2023 | NO CHANGE |
| Proposed Pretrial Order to Opposing Counsel | December 22, 2023 | NO CHANGE |
| Lodging of Proposed Pretrial Order | January 2, 2024 | NO CHANGE |
| Pretrial Conference | January 8, 2024 at 11:00 a.m. | NO CHANGE |
| Motions in Limine | January 22, 2024 | NO CHANGE |

| Responses to Motions in Limine | February 5, 2024 | NO CHANGE |
|---|---|---|
| Trial Documents Deadline | February 5, 2024 | NO CHANGE |
| Deadline to Exchange Final Exhibit and Witness Lists | October 8, 2024 | NO CHANGE |
| Hearing on Motions in Limine | October 7, 2024 at 10:30 a.m. | NO CHANGE |
| Trial Date | October 15, 2024 at 9:00 a.m. | NO CHANGE |

The Court ORDERS as follows:

1. The parties shall promptly meet and confer regarding a deposition schedule that will allow the parties to complete fact witness depositions on or before June 30, 2023.

2. On or before **May 24, 2023**, the parties shall file a joint status report regarding the fact witness deposition schedule.

3. The Court sets an in-person status conference for **May 26, 2023, at 3:00 p.m.** If the parties are unable to agree on a deposition schedule, the Court will set deposition dates at the status conference. The Court will vacate the status conference if the parties represent in their May 24 joint status report that they have reached agreement on fact witness deposition dates.

4. No further extensions of the pretrial schedule will be permitted absent a showing of extraordinary circumstances.

**IT IS SO ORDERED.**

Dated: May 18, 2023

*David Leshner*

Hon. David D. Leshner
United States Magistrate Judge