UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TODD SNELSON,<br><br>                       Plaintiff,<br><br>v.<br><br>DAIMLER TRUCKS NORTH AMERICA, LLC, formerly FREIGHTLINER CORPORATION; PENSKE TRUCK LEASING, CO. L.P.; PENSKE CORPORATION; PENSKE AUTOMOTIVE GROUP, INC.,<br><br>                       Defendants. | Case No.: 22-cv-551-BAS-DDL<br><br>**ORDER GRANTING MOTION TO AMEND SCHEDULING ORDER TO SUBSTITUTE EXPERT**<br><br>**[Dkt. No. 75]** |

      Before the Court is Plaintiff's Motion to Amend the Deadline to Identify Experts ("Motion") [Dkt. No. 75]. Defendants Daimler Trucks North America, LLC ("Daimler") and Penske Truck Leasing Co., L.P. ("Penske") oppose the Motion. For the reasons set forth below, the Court concludes that Plaintiff has demonstrated good cause to amend the scheduling order and substitute his expert witness. The Court further concludes that an extension of pretrial deadlines, including the deadline for Daimler to furnish rebuttal expert designations and disclosures, is warranted to avoid prejudice to Daimler from the expert witness substitution.

/ / /

# I.

# **BACKGROUND**

On July 6, 2023, the Court held a discovery conference to address a dispute regarding Plaintiff's request to substitute his liability expert witness, Brian Herbst ("Herbst"), after the expert designation deadline had passed. At the discovery conference, the Court set a briefing schedule. On July 13, 2023, Plaintiff filed the Motion. Dkt. No. 75. On July 20, 2023, Daimler filed an Opposition. Dkt. No. 79. On July 21, 2023, Penske filed a notice stating that it joined Daimler's Opposition. Dkt. No. 81. On the same date, the Court heard oral argument on the Motion. Dkt. No. 82.

Plaintiff timely identified Herbst as his liability expert witness on April 27, 2023. Dkt. No. 75; *see* Dkt. No. 14 at 2. On June 3, 2023, Plaintiff learned that Herbst could not proceed as an expert in the case due to either a "personal conflict" or "personal reasons," the nature of which was not made clear to the Court.[1] Dkt. No. 75-1 at 1-2; Dkt. No. 83 at ¶ 7. Immediately after learning that Herbst would no longer serve as an expert, Plaintiff contacted Dr. Stephen Batzer and retained his services as a substitute expert. Dkt. No. 75-1 at 2. On the same date, Plaintiff also contacted Daimler's counsel by telephone to request Daimler's agreement to substitute Herbst with Dr. Batzer, and Daimler objected to the

---

[1]   In Plaintiff's email request for a discovery conference dated June 28, 2023, Plaintiff represented to the Court that he "was informed that Brian Herbst had a personal conflict." In his Motion, Plaintiff stated that Herbst was unable to continue as his expert witness "for personal reasons." Dkt. No. 75-1 at 1-2. In a July 24, 2023, declaration filed pursuant to this Court's order, Plaintiff's counsel Steven E. Weinberger again referred to a "personal conflict" that prevented Herbst from rendering an opinion in the case. Dkt. No. 83 at ¶ 7. Weinberger further stated that Plaintiff's counsel did not request further explanation of Herbst's "personal conflict." *Id*. However, at the July 21 motion hearing, in response to the Court's inquiry regarding the reason for Herbst's unavailability, Plaintiff's counsel Michael E. Medina, Jr. stated that Herbst did not feel he could offer his expert opinion based on his review of the facts of this case. This type of "professional conflict" was not what the Court had understood to be the reason for Herbst's unavailability based on counsel's representation that Herbst had a "personal conflict" or "personal reasons" for not testifying.

substitution. *Id.* On June 5, 2023, Plaintiff emailed all opposing counsel to request that they stipulate to the substitution, and Plaintiff states that Daimler and Penske refused. *Id.*; *see* Dkt. No. 83 at ¶ 10.

On July 24, 2023, pursuant to this Court's order, Plaintiff's attorney Steven E. Weinberger filed a declaration ("Weinberger Declaration") stating that "[o]n or around September 10, 2021, my office sent our first batch of documents to Brian Herbst/SAFE (collectively, 'SAFE') on this Snelson matter." Dkt. No. 83 at ¶ 3. Additionally, the Weinberger Declaration states that materials produced by the parties would have been shared with Herbst and SAFE "[t]hroughout the course of the litigation," and that the expert dates and deadlines were provided to Herbst and SAFE when they were set by this Court. *Id.* at ¶¶ 4, 6. Moreover, "[o]n September 28, 2022, one of the SAFE engineers, Lauren Bell, inspected/photographed the subject tractor," though Herbst was not present at the inspection. *Id.* at ¶ 4. In addition, the Weinberger Declaration reiterates that Herbst informed Plaintiff's counsel that he "could not render an opinion in this case based on his personal conflict," and recounts Plaintiff's counsel's subsequent attempts to secure a substitute expert and stipulate to a substitution with Daimler and Penske. *Id.* at ¶ 7.

## II.

## DISCUSSION

### A. Plaintiff's Motion to Amend the Pretrial Schedule

Federal Rule of Civil Procedure 16(b) governs requests to amend scheduling orders for purposes of substituting an expert after the expert designation deadline has passed. *See, e.g.*, *Fidelity Nat'l Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 308 F.R.D. 649, 652 (S.D. Cal. 2015). Rule 16(b)(4) provides that a pretrial scheduling order "may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for

seeking modification. [Citation omitted.] If that party was not diligent, the inquiry should end." *Id.*

Based on the Motion and the Weinberger Declaration, the Court finds that Plaintiff acted diligently in responding to Herbst's withdrawal from the case. While Plaintiff's failure to obtain a clear explanation of the nature of Herbst's "personal conflict" weighs somewhat against a finding of diligence, the remainder of Plaintiff's actions before and after Herbst's withdrawal demonstrate an appropriate level of diligence to warrant an amendment to the pretrial schedule. Specifically, upon learning that Herbst was withdrawing from the case—and notwithstanding the fact that it was a Saturday—Plaintiff's counsel took steps on the same day to retain the services of Dr. Batzer as a potential substitute expert and to notify Daimler's counsel. Two days later, on the first business day after receiving notice of Herbst's withdrawal, Plaintiff informed Penske of the situation and sought the collective agreement of Daimler and Penske to a stipulation regarding the substitution. *Cf. Fidelity,* 308 F.R.D. at 653-54 (finding that defendant failed to demonstrate diligence when it waited nine months before giving notice to plaintiff or the Court of defendant's expert's unavailability).

Daimler contends there is no "evidence to support a finding the reason for the substitution was not the result of a lack of diligence or an act or omission by plaintiff or his counsel, as opposed to something beyond their control." Dkt. No. 79 at 4. But the subsequently filed Weinberger Declaration describes counsel's actions to timely produce case materials to Herbst, arrange for an inspection by Herbst's employer, and share expert dates and deadlines with Herbst. This supports a finding that the request to substitute was not caused by a lack of diligence on the part of Plaintiff or his counsel. Thus, the Court concludes that Plaintiff was diligent and that good cause exists to amend the scheduling order.

The Court recognizes the potential prejudice to Daimler with respect to its ability to adequately prepare for the testimony of Dr. Batzer. According to the declaration of Philip R. Cosgrove ("Cosgrove Declaration"), counsel for Daimler, he immediately began

conducting preliminary research and other due diligence upon Plaintiff's designation of Herbst as its liability expert on April 27, 2023. *See* Dkt. No. 79-1 at ¶ 2. The Court concludes that Daimler should have additional time to designate and disclose an expert to rebut Dr. Batzer. The Court will issue an amended scheduling order granting an extension of the rebuttal expert designation and disclosure deadlines as to Daimler only and continuing the remaining pretrial dates and deadlines for all parties.

**B.     Reimbursement of Daimler's Fees and Expenses**

According to the Cosgrove Declaration, counsel "spent over 30 hours collecting, reviewing and analyzing articles, prior reports and testimony and testing of Brian Herbst to prepare for his testimony in this case," the value of which "exceeds $12,000." Dkt. No. 79-1 at ¶ 7. Additionally, the Cosgrove Declaration provides that Cosgrove "asked [Daimler's] experts to address issues relating to this case and the approach Herbst takes and the type of testing he performs," the cost of which Cosgrove estimates "will exceed $10,000." *Id*. at ¶ 8. To the extent that Daimler seeks an award of fees and costs incurred in preparing for Herbst as an expert, Daimler shall file a supplemental brief addressing any authority that supports its position on or before **August 15, 2023**. Daimler shall also attach as an exhibit an itemized statement reflecting its fees and costs incurred in preparing its defense against Herbst's testimony for which Daimler seeks recovery from Plaintiff.

## III.

## CONCLUSION

For the foregoing reasons, the Motion to Amend the Deadline to Identify Expert is **GRANTED**. A separate order containing an amended pretrial schedule shall issue forthwith.

///
///
///
///
///

**IT IS FURTHER ORDERED** that Daimler shall file any supplemental brief regarding its entitlement to recover fees and costs incurred in preparing for Herbst's testimony by not later than **August 15, 2023**. The brief shall not exceed three pages in length, excluding exhibits. Plaintiff may file any responsive brief, not to exceed three pages, by not later than **August 22, 2023**.

**IT IS SO ORDERED.**

Dated: August 2, 2023

_____
Honorable David D. Leshner
United States Magistrate Judge