UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TODD SNELSON,<br><br>         Plaintiff,<br><br>v.<br><br>DAIMLER TRUCKS NORTH AMERICA LLC, formerly FREIGHTLINER CORPORATION; PENSKE TRUCK LEASING, CO. L.P.; PENSKE CORPORATION; PENSKE AUTOMOTIVE GROUP, INC.,<br><br>         Defendants. | Case No.: 22-cv-551-BAS-DDL<br><br>**ORDER DENYING DEFENDANT DAIMLER'S MOTION FOR REIMBURSEMENT OF FEES AND EXPENSES INCURRED IN PREPARING FOR TESTIMONY OF FORMER EXPERT**<br><br>[Dkt. No. 91] |

## I.

## **INTRODUCTION**

Before the Court is Defendant Daimler Trucks North America, LLC's ("Defendant" or "Daimler") motion for reimbursement of fees and expenses incurred in preparing for Plaintiff's formerly designated expert, Brian Herbst ("Motion"). Dkt. No. 91. In an order dated August 2, 2023, the Court granted Plaintiff's motion to amend the scheduling order to allow Plaintiff to substitute Herbst with newly retained expert Dr. Stephen Batzer. Dkt. No. 88. The Court further ordered that "[t]o the extent that Daimler seeks an award of fees and costs incurred in preparing for Herbst as an expert, Daimler shall file a supplemental

brief addressing any authority that supports its position." *Id.* at 5.  In the instant Motion, Defendant relies on Federal Rule of Civil Procedure 16(f) in seeking an award of fees and costs.  Because the record does not indicate that Plaintiff violated any scheduling or pretrial order, the Motion is **DENIED**.

## II.
## LEGAL STANDARD

Rule 16(b)(1) requires a district court to enter a pretrial scheduling order, and "[v]iolations of a scheduling order may result in sanctions." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011) (citation omitted); *see* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order.").  "The goal [of Rule 16] is to get cases decided on the merits . . . .  Subsection (f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order . . . ."  *Dreith*, 648 F.3d at 787 (citation omitted).

## III.
## DISCUSSION

**A.    Defendant's Entitlement to Fees Under Rule 16(f)**

Plaintiff did not "fail to obey a scheduling or other pretrial order," as required to grant relief under Rule 16(f)(1)(C).  Plaintiff timely designated Herbst as his liability expert witness on April 27, 2023, which was the original deadline for the parties to designate their expert witnesses.  *See* Dkt. No. 14 at 2; *see also* Dkt. No. 88 at 2.  On June 3, 2023, after learning that Herbst could not proceed as an expert in the case, Plaintiff designated Batzer as a substitute expert and timely disclosed Batzer's expert opinions and reports on July 10, 2023, in compliance with the operative scheduling order at that time.  *See* Dkt. No. 58 at 3.  Plaintiff also moved to amend the scheduling order to allow the substitution of Batzer as his expert, and, in granting the motion, the Court found that Plaintiff acted diligently.  Dkt. No. 88 at 4.

/ / /

Defendant contends that *Regan v. Trinity Distribution Services, Inc.*, 251 F.R.D. 108 (W.D.N.Y. 2008) and *Unique Industries, Inc. v. 965207 Alberta Ltd.*, 764 F. Supp. 2d 191 (D.D.C. 2011), support its fee request. In each of these cases, the respective courts ordered reimbursement of fees pursuant to Rule 16(f) following violations of the scheduling order. However, *Regan* and *Unique Industries* are distinguishable.

In *Regan*, the defendants made three requests to continue a mediation because they wanted their expert to conduct a pre-mediation physical examination of the plaintiff to allow the defendants to sufficiently evaluate the case and make a fair offer of settlement. *See Regan,* 251 F.R.D. at 109-10. However, by the time the mediation occurred—at which point the fact and expert discovery deadlines had passed—the "defendants had not identified any expert witnesses or provided any expert reports as required by the Court's Scheduling Order." *Id*. at 110. Notwithstanding the defendants' failure to comply with the scheduling order, the court granted their motion to conduct the physical examination. However, the court also ordered the defendants to pay the plaintiff's reasonable attorney's fees and expenses associated with the mediation upon finding the "defendants' failure to conduct the physical examination before the mediation impeded their readiness to discuss potential settlement," and contributed to the unsuccessful mediation. *Id*. at 111.

In *Unique Industries*, a patent infringement case, the plaintiff failed to disclose evidence of prior art until after the discovery deadline and only two weeks before the parties' deadline to file motions for summary judgment. *Unique Industries*, 764 F. Supp. 2d at 196-97. The court held that plaintiff's counsel's conduct was "a clear violation of the court's scheduling order" and that it "clearly prejudiced the defendant, which prepared its final contentions and motions for summary judgment without having had the opportunity to obtain discovery regarding this newly disclosed evidence." *Id*. at 203. The court allowed the parties to re-open discovery for 90 days so the defendant could investigate the newly disclosed discovery and ordered the plaintiff to pay defendants' reasonable attorney's fees and costs associated with addressing it. *Id*. at 205.

///

Unlike *Regan* and *Unique Industries*, this Court has not made any findings that Plaintiff violated a scheduling or other pretrial order. On the contrary, this Court found that Plaintiff acted diligently after learning that Herbst would no longer serve as an expert on the case such that a modification of the scheduling order was warranted to permit Plaintiff to designate Batzer as its substitute expert. Given that Plaintiff did not violate the scheduling order, Rule 16(f)(1)(C) does not permit an award of fees and costs.

### B.     Limiting Batzer to Herbst's Opinions and Theories

Defendant contends the Court's August 2 Order should have limited Batzer "to the type of testing and testimony that Herbst has provided" in prior, unspecified cases (Dkt. No. 91 at 3), and that the failure to impose such a limitation prejudiced Defendant because it spent time and money "researching, reviewing, analyzing and addressing the issues that Herbst raised in prior heavy trucks rollover cases." *Id*. Defendant did not move for reconsideration of the August 2 Order or seek relief under Rule 72, and the issue of limiting Batzer's testimony does not affect the conclusion that a fee award is not warranted under Rule 16(f), but the Court elects to address the contention.

The fundamental problem with Defendant's position is that Herbst did not render any opinions in this case, meaning there is no expert report that could serve to limit Batzer's opinions even if such a limitation were appropriate. Defendant suggests Batzer's testimony should be limited "to the type of testing and testimony" provided by Herbst in unspecified other cases, but that limitation would be unworkable as a practical matter and would create substantial collateral litigation as to the types of opinions rendered by Herbst in other cases and how to craft appropriate limitations on Batzer's testimony in this case based on Herbst's testimony in those prior, unrelated cases.

Neither of the cases cited by Defendant supports the proposition that a limitation on a new expert's testimony is appropriate where the former expert never provided opinions in the current case. In *Henderson v. Aria Resort & Casino Holdings, LLC*, No. 2:21-cv-00280-JAD-NJK, 2023 WL 3963612 (D. Nev. May 9, 2023), the party opposing the expert substitution had deposed the former expert and prepared a rebuttal report based on the

former expert's deposition testimony. *See Henderson*, 2023 WL 3963612, at *2. Here, Herbst did not prepare an expert report, and Defendant never deposed Herbst. Rather, Defendant based its preparation for Herbst's anticipated report and testimony solely on "issues that Herbst raised in *prior* heavy truck rollover cases" and the assumption that Herbst would offer similar testimony in this case. Dkt. No. 91 at 3 (emphasis added). Notably, as Plaintiff indicates, Defendant assumed Herbst would perform sled testing based on the prior unrelated cases it reviewed, despite the existence of other reports by Herbst indicating that he had also performed the same type of drop testing that Batzer performed. *See* Dkt. No. 93 at 2.

Similarly, in *Estate of Clifford v. Placer County*, No. 2:11–cv–02591–MCE–CKD, 2018 WL 746475 (E.D. Cal. Feb. 6, 2018), the former expert prepared a report containing the expert's opinions, theories, and the bases for those opinions and theories. *Id.* at *2 (limiting the new expert to the former expert's "opinions and theories and the bases for those opinions and theories" as expressed in the first expert's original report). Moreover, by the time the moving party sought to substitute its expert, the court had already issued a ruling granting in part and denying in part the opposing party's motion for summary judgment. Here, Herbst did not prepare a report, and Defendant has not relied on any opinions of Herbst to move for summary judgment.

In both *Henderson* and *Estate of Clifford* there was an established set of opinions produced by the former expert in the pending case to which the court could limit the new expert's testimony. Here, in contrast, Herbst had not produced any reports or disclosed any testing, opinions, or theories in this case prior to Plaintiff's motion to substitute him with Batzer. There is no workable basis to restrict Batzer's testimony based on the speculation as to the methodology Herbst might have utilized and the opinions he might have offered in this case.

/ / /

/ / /

/ / /

## IV.

## CONCLUSION

For the foregoing reasons, Defendant has not established that it is entitled to reimbursement of the fees and costs it expended in preparing for Herbst's testimony or that Batzer's testimony should be limited to the unexpressed opinions and theories of Herbst. Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  November 27, 2023

*David Leshner*

Hon. David D. Leshner
United States Magistrate Judge